UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
KIMADA DIXSON,

        Plaintiff,  **MEMORANDUM AND ORDER**

                                                                              23-CV-09159 (HG) (LB)

   -against-

GOODHUE CHILDREN CENTER; WHEELOCK
RESIDENCE; JANE SUSAN DOE; JOHN DOE;
OFFICE OF CHILDREN AND FAMILY
SERVICES; and THE CITY OF NEW YORK,

        Defendants.
----------------------------------------------------------x

**HECTOR GONZALEZ**, United States District Judge:

*Pro se* Plaintiff Kimada Dixson, presently incarcerated at the Wallkill Correctional Facility, filed the instant action under 18 U.S.C. § 2255, alleging that he was sexually abused while a minor in foster care, in violation of 18 U.S.C. §§ 2242 and 2243. ECF No. 1 at 1 (Complaint).[1] The Court grants Plaintiff's request to proceed *in forma pauperis*. ECF No. 2 (IFP Application). For the reasons stated below, the Complaint is dismissed without prejudice. However, Plaintiff is granted thirty days from the date of this Order to file an amended complaint.

## BACKGROUND

Plaintiff alleges that between 1984 and 1986, Defendants "Jane Susan Doe" and John Doe sexually abused him while he was in the custody of the Office of Children and Family Services and staying at the Goodhue Children Center, Wheelock Residence, on Staten Island. ECF No. 1 at 4. Plaintiff asserts that Defendant Jane Doe, an employee at the residence, and Defendant John Doe, whom Plaintiff alleges was not an employee, entered his room "[o]n multiple occasions" and sexually abused him. *Id.* Plaintiff further alleges that he has experienced long-term physical and

---

[1]     The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

mental pain because of the abuse. *Id.* at 5–6. In addition to naming Defendants Jane and John Doe, Plaintiff also sues the Wheelock Residence, Goodhue Children Center, Office of Children and Family Services, and City of New York. *Id.* at 1. He seeks money damages. *Id.* at 6.

## **LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the Complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

28 U.S.C. § 1915 requires a district court to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

---

[2] Unless noted, case law quotations in this Order accept all alterations and omit internal quotation marks, citations, and footnotes.

2

**DISCUSSION**

18 U.S.C. § 2255 was enacted as part of the Child Abuse Victims' Rights Act of 1986 and provides a civil remedy to an individual who, as a minor, was a victim of certain sex abuse crimes listed in the statute. *See* 18 U.S.C. § 2255(a). To hold a defendant liable under Section 2255, that defendant must have committed one of the qualifying offenses. *See Singleton v. Clash*, 951 F. Supp. 2d 578, 584 (S.D.N.Y. 2013). But no criminal conviction for the underlying offense is necessary to establish liability under Section 2255; rather, a plaintiff need only show by a preponderance of the evidence that a defendant committed one of the enumerated crimes. *See Prewett v. Weems*, 749 F.3d 454, 458 (6th Cir. 2014); *accord Singleton*, 951 F. Supp. 2d at 584.

Here, Plaintiff alleges that he was a victim of abuse in violation of two qualifying offenses: Section 2242, which criminalizes sexual abuse under certain conditions, and Section 2243, which criminalizes sexual abuse of certain victims and under certain conditions. Although Plaintiff does not refer to a specific subsection of Section 2243, he invokes the "sexual abuse of a minor" prong of the statute. ECF No. 1 at 1, 5. The Court therefore construes his claim under Section 2243(a), which concerns minors. As relevant here, both Sections 2242 and 2243(a) apply to offenses "in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency." *See* 18 U.S.C. §§ 2242, 2243(a). The "special maritime and territorial jurisdiction of the United States," includes, *inter alia*, "[a]ny lands reserved or acquired for the use of the United States." *See id.* § 7(3); *see also Doe v. Old Forge Borough*, No. 12-cv-2236, 2015 WL 4041435, at *6 (M.D. Pa. July 1, 2015) (Section 7 defines relevant geographical limitations).

3

Plaintiff alleges that he was abused at the Goodhue Children Center, Wheelock Residence, located on Staten Island. ECF No. 1 at 4. However, the Complaint provides no indication that any of the alleged abuse took place within the geographical limitations of Sections 2242 and 2243(a), such as on federal land or in a federal facility. The absence of such an allegation is fatal to a claim under Sections 2242 and 2243(a), and therefore under Section 2255. *See, e.g.*, *Cisneros v. Aragon*, 485 F.3d 1226, 1232–33 (10th Cir. 2007) (where plaintiff did not present evidence that the alleged abuse took place on federal and not private land, as required by Sections 2242 and 2243(a), she "failed to establish an essential element of her [Section] 2255 claims"); *Old Forge*, 2015 WL 4041435, at *6–7 (granting motion to dismiss where plaintiff failed to allege that sexual abuse took place within the geographical limitations provided for by Sections 2242 and 2243); *Bolton v. Johnson*, No. 12-cv-653, 2013 WL 2897957, at *5 (E.D. Tenn. June 13, 2013) (same). Thus, because Plaintiff's allegations cannot support plausible causes of action under Sections 2242 and 2243(a), he fails to state a claim under Section 2255.

In view of Plaintiff's *pro se* status, the Court has carefully considered whether the Complaint raises any viable constitutional or federal law claims. Plaintiff alleges that the abuse took place between 1984 and 1986. ECF No. 1 at 4–5. He filed suit in December 2023. *See id.* at 1. Accordingly, any civil rights claims under 42 U.S.C. § 1983 would be time-barred because "[t]he statute of limitations for [Section] 1983 actions arising in New York is three years." *See Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 308 (2d Cir. 2020) (citing *Owens v. Okure*, 488 U.S. 235, 250–251 (1989)). To be sure, Plaintiff's Section 1983 claims would have been tolled while he was a minor, and the applicable three-year statute of limitations did not start to run until he turned eighteen. *See Doe v. NYS Off. of Child. & Fam. Servs.*, No. 20-cv-1195, 2021 WL 2826457, at *8 (N.D.N.Y. July 7, 2021) (applying N.Y. C.P.L.R. 208(a)). However, New York's tolling

4

provision for infancy cannot render a Section 1983 claim timely where the most recent act of abuse is alleged to have taken place in 1986, or around thirty-seven years before Plaintiff sued.  *See* ECF No. 1 at 4–5.  Any Section 1983 claim is therefore dismissed.  *See Khalil v. Pratt Inst.*, 818 F. App'x 115, 116 (2d Cir. 2020) ("[A] district court may sua sponte dismiss a complaint as time-barred where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.").

## **CONCLUSION**

Plaintiff's Complaint, filed *in forma pauperis*, is dismissed without prejudice.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).[3]  Out of an abundance of caution, Plaintiff is granted thirty days' leave from the date of this Order to file an amended complaint to cure any deficiencies addressed herein.  Plaintiff is informed that any amended complaint will completely replace, not supplement, the original complaint, and any facts or claims that the Plaintiff wants to include from the original complaint must be repeated in the amended complaint.  Plaintiff's amended complaint must be labeled as an "amended complaint," bear the same docket number as this Order, and must be filed within thirty days from the date of this Order.  If Plaintiff fails to file an amended complaint within the time allowed or show good cause why he cannot comply, the Court will direct the Clerk of Court to enter judgment dismissing this action with prejudice.  All further proceedings in this action shall be stayed for thirty days.

The Clerk of Court is respectfully directed to mail a copy of this Order and a prisoner civil rights form to the *pro se* Plaintiff and to note the mailing on the docket.  The Court's staff is also mailing Plaintiff a copy of this Order, along with a copy of the unpublished decisions

---

[3]     The Court offers no opinion on any state law claim Plaintiff may pursue in state court.

referenced herein, in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

                                                */s/ Hector Gonzalez*
                                                HECTOR GONZALEZ
                                                United States District Judge

Dated: Brooklyn, New York
       April 19, 2024